*Pd*

| Attorney or Party Name, Address, Telephone & FAX Nos.. State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| MARK BORNA ,WANDA BORNA<br>3289 NORTH BLUE RIDGE COURT<br>WESTLAKE VILLAGE CA 91302<br><br>805 558 9911 | **FILED**<br>JUN 0 5 2015<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:              Deputy Clerk |

☒ *Individual appearing without attorney*
☐ *Attorney for:*

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re:<br><br>ALEXANDER HAZAN ,RACHEL MESHULAM | CASE NO.: LA 15BK 11934MT |
|---|---|
| | CHAPTER: **Select Chapter** 13 |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** |
| | DATE:      JUNE 10, 2015<br>TIME:       9:30 AM<br>COURTROOM: |
| Debtor(s). | |
| **Movant:**   MARK BORNA ,WANDA BORNA | |

1. **Hearing Location:**
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☐ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☒ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) __6/8/15__ and (time) _____; and, you may appear at the hearing.

   a. ☒ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: ____JUNE 5, 2015____

_____
Printed name of law firm (if applicable)

__MARK BORNA , WANDA BORNA_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER
## CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
### (Unlawful Detainer)

1. **Movant is the:**

    a.  ☒ Owner of the Property
    b.  ☐ Authorized Agent of the owner of the Property
    c.  ☐ Other (*specify*):

2. **The Property at Issue (Property):**

    Type of Property: ☒ Residential  ☐ Nonresidential

    *Street Address:*    14537 ADDISON STREET SHERMAN OAKS CA 91403
    *Unit/Suite Number:*
    *City, State, Zip Code:*

3. **Bankruptcy Case History:**

    a.  ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7 ☐ 11 ☐ 12 ☒ 13
       was filed on (*date*):  JUNE 2,2015

    b.  ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
       was entered on (*date*):

    c.  ☐ A plan was confirmed on (*date*):

4. **Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because (*check all that apply*):**

    a.  ☒ Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving residential property in which the Debtor resides and:

        (1) ☒ The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

        (2) ☒ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the petition.

        (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

        (4) ☐ Movant filed and served an objection to the Debtor's certification. A copy of the objection is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

5. **Grounds for Relief from Stay:** (*check all that apply*)

    a.  ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had no right to continued occupancy of the premises, as follows:

        (1) ☒ Movant caused a notice to quit to be served on the Debtor.  APRIL 3,3015 NON PAYMENT OF RENT

        (2) ☒ An unlawful detainer proceeding was commenced on (*date*) APRIL 10,2015

        (3) ☒ An unlawful detainer judgment was entered on (*date*) MAY 20,2015

(4) ☐ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

(5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because (*check all that apply*):

(1) ☒ The lease or other right of occupancy expired by its terms on (*date*) __MAY 20, 2015__

(2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on (*date*) _____.

(3) ☐ Lease payments have not been made after the filing of the bankruptcy petition.

(4) ☒ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or
☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

(5) ☒ The bankruptcy case was filed in bad faith:

(A) ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

(B) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

(C) ☒ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan if appropriate) has been filed.

(D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

a. ☒ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☒ Other: UNLAWFUL DETAINER ACTION WAS FILED FOR NON PAYMENT OF RENT

7. **Evidence in Support of Motion:** (*Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

    a.  The UNLAWFUL DETAINER DECLARATION on page 7.

    b.  ☐ Supplemental declaration(s).

    c.  ☐ Other (*specify*):


**Movant requests the following relief.**

1. Relief from stay pursuant to: ☒ 11 U.S.C. § 362(d)(1) ☒ 11 U.S.C. § 362(d)(2)

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3. ☒ Confirmation that there is no stay in effect.

4. ☒ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☒ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☒ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
    ☒ without further notice.
    ☐ upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☒ Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☒ without further notice.
    ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

12. ☐ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

   a. ☐ Establishment of a deadline for assumption or rejection of the lease.

   b. ☐ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13 ☐ Other relief requested.

Date: __JUNE 5,2015__

_____
Print name of law firm (*if applicable*)

  MARK BORNA,WANDA BORNA
_____
Print name of individual Movant or attorney for Movant (*if applicable*)

_____
Signature of individual Movant or attorney for Movant

## UNLAWFUL DETAINER DECLARATION

1. (*name of declarant*) __MARK BORNA,WANDA BORNA_____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property because (*specify*):

   a. ☒ I am the Movant and owner of the Property.

   b. ☐ I manage the Property as the authorized agent for the Movant.

   c. ☐ I am employed by Movant as (*title and capacity*):

   d. ☐ Other (*specify*):

2. a. ☒ I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Property is:

   ☒ Residential   ☐ Nonresidential

   *Street Address:*            14537 ADDISON STREET SHERMAN OAKS CA 91403
   *Unit/Suite Number:*
   *City, State, Zip Code:*

4. Movant is the ☒ legal owner of the Property, or ☐ the owner's legally authorized agent. A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit __A__. A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit __B__.

5. The Debtor asserts a possessory interest in the Property based upon:

   (1) ☒ a month-to-month tenancy

   (2) ☐ a lease that is in default

   (3) ☐ after a foreclosure sale that was held on (*date*): _____

   (4) ☐ other (*specify*):

6. The Debtor failed to pay:

   a. ☒ The monthly rent of $__3,000.00_____ beginning on (*date*): __first of__ each month

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

b.  ⊔  Other obligations including:

(1) ⊔  Common area maintenance charges

(2) ☐  Property taxes

(3) ☐  Other obligations (*specify*):

7.  Procedural status

a.  ⊔  The lease matured or was rejected on (*date*) _____:

(1) XX  by operation of law.

(2) XXX  by order of the court.

b.  XXX  Movant caused a notice to quit to be served upon the Debtor on (*date*) __4/3/15__, and a true and correct
copy is attached as Exhibit __C__.

c.  XXX  Before the bankruptcy petition was filed:

(1) XXX  Movant filed a complaint for unlawful detainer against the Debtor on (*date*) __4/10/15__, and a true
and correct copy is attached as Exhibit __D__.

(2) xx  Trial was held on (*date*) __4/20/2015__

(3) ⊔  Trial was continued to (*date*) _____.

(4) xx  An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on
(*date*) __5/20/15__, and a true and correct copy is attached as Exhibit __E__.

(5) XXX  A writ of possession for the Property was issued on (*date*) __5/20/2015__ and a true and correct copy is
attached as Exhibit __E__.

d.  After the bankruptcy petition was filed:

(1) XXX  The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

(2) xxx  The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become
due during the 30-day period after the filing of the bankruptcy petition.

(3) XXX  The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further
certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the
judgment has been cured.

(4) ☐  The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

(A) ☐  Movant filed and served an objection a copy of which is attached as Exhibit _____.  A hearing on this
objection is set for (*date*) _____.

(B) XXX  Movant has not filed and served an objection.

(5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if filed, is attached as Exhibit ____. A hearing on this objection is set for: _____.

(6) XXX Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☒ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. XXX The Property is not necessary to an effective reorganization because it is:

   a. XXX Residential, and is not producing income for the Debtor.

   b. ☐ Commercial, but no reorganization is reasonably in prospect.

   c. ☐ No longer property of the estate.

   d. XXX Other (specify):   THIS IS NON PAYMENT OF RENT ONLY

10. XXX The bankruptcy case was filed in bad faith:

   a. XXX Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. XXX The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other (specify): _____

11. XXX The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page of facts establishing the scheme.

   b. ☐ Multiple bankruptcy cases affecting the Property include:

     (1) Case name: _____
       Chapter: _____   Case number: _____
       Date filed: _____   Date discharged: _____   Date dismissed: _____
       Relief from stay regarding the Property ☐ was ☐ was not granted.

     (2) Case name: _____
       Chapter: _____   Case number: _____
       Date filed: _____   Date discharged: _____   Date dismissed: _____
       Relief from stay regarding the Property ☐ was ☐ was not granted.

(3) Case name: _____

    Chapter: _____    Case number: _____

    Date filed: _____    Date discharged: _____    Date dismissed:_____

    Relief from stay regarding the Property ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

☒ **XXX** Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☒ **XXX** These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


JUNE 5,2015    MARK BORNA,WANDA BORNA

_____    _____    _____
Date    *Printed Name*    *Signature*

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1416 N. LA BREA AVE INGLEWOOD CA 90302

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _6/5/15____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
ALEXANDER HAZAN 14537 ADDISON STREET SHERMAN OAKS CA 91403
RACHEL MESHULAM 14537 ADDISON STREET SHERMAN OAKS CA 91403
UNITED STATES TRUSTEE 300 N. LOS ANGELES ST    LOS ANGELES CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| JUNE 5,2015 | ALAN DEVEZIN | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**CALIFORNIA
ASSOCIATION
OF REALTORS®**

**RESIDENTIAL LEASE OR
MONTH-TO-MONTH RENTAL AGREEMENT**
(C.A.R. Form LR, Revised 11/08)

Date July 25, 12  Mark and Wanda Borna ("Landlord") and
Alex Hazen ("Tenant") agree as follows:

**1. PROPERTY:**
 A. Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: _____
   14537 Addison St., Sherman Oaks Ca91403 ("Premises").
 B. The Premises are for the sole use as a personal residence by the following named person(s) only: _____
 C. The following personal property, maintained pursuant to paragraph 11, is included: _____
   ☒ WB or ☐ (if checked) the personal property on the attached addendum.

**2. TERM:** The term begins on (date) Sept 15th, 2013 ("Commencement Date"), (Check A or B):
 ☐ A. **Month-to-Month:** and continues as a month-to-month tenancy. Tenant may terminate the tenancy by giving written notice
   at least 30 days prior to the intended termination date. Landlord may terminate the tenancy by giving written notice as
   provided by law. Such notices may be given on any date.
 ☒ B. **Lease:** and shall terminate on (date) ~~5 June30-2014~~ Sept 15,2014 at 12:00 ☐ AM/☐ PM.
   Tenant shall vacate the Premises upon termination of the Agreement, unless: (i) Landlord and Tenant have extended this
   agreement in writing or signed a new agreement; (ii) mandated by local rent control law; or (iii) Landlord accepts Rent from
   Tenant (other than past due Rent), in which case a month-to-month tenancy shall be created which either party may
   terminate as specified in paragraph 2A. Rent shall be at a rate agreed to by Landlord and Tenant, or as allowed by law. All
   other terms and conditions of this Agreement shall remain in full force and effect.

**3. RENT:** "Rent" shall mean all monetary obligations of Tenant to Landlord under the terms of the Agreement, except security deposit.
 A. Tenant agrees to pay $3000.00 per month for the term of the Agreement.
 B. Rent is payable in advance on the 1st (or ☐ _____ ) day of each calendar month, and is delinquent on the next day.
 C. If Commencement Date falls on any day other than the day Rent is payable under paragraph 3B, and Tenant has paid one full
   month's Rent in advance of Commencement Date, Rent for the second calendar month shall be prorated based on a 30-day
   period.
 D. **PAYMENT:** Rent shall be paid by ☐ personal check, ☐ money order, ☐ cashier's check, or ☐ other _____ at (address)
   to (name) Mark & Wanda Borna (phone) 805-558-9911 , (or at any other location
   P.O. Box 7136 Westlake Village, Ca91359 subsequently specified by Landlord in writing to Tenant) (and ☐ if checked, rent may be paid personally, between the hours of
   _____ and _____ on the following days _____ ). If any payment is
   returned for non-sufficient funds ("NSF") or because tenant stops payment, then, after that: (i) Landlord may, in writing, require
   Tenant to pay Rent in cash for three months and (ii) all future Rent shall be paid by ☐ money order, or ☐ cashier's check.

**4. SECURITY DEPOSIT:**
 A. Tenant agrees to pay $ _____ as a security deposit. Security deposit will be
   ☐ transferred to and held by the Owner of the Premises, or ☐ held in Owner's Broker's trust account.
 B. All or any portion of the security deposit may be used, as reasonably necessary, to: (i) cure Tenant's default in payment of Rent (which
   includes Late Charges, NSF fees or other sums due); (ii) repair damage, excluding ordinary wear and tear, caused by Tenant or by a
   guest or licensee of Tenant; (iii) clean Premises, if necessary, upon termination of the tenancy; and (iv) replace or return personal property
   or appurtenances. SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S
   RENT. If all or any portion of the security deposit is used during the tenancy, Tenant agrees to reinstate the total security deposit
   within five days after written notice is delivered to Tenant. Within 21 days after Tenant vacates the Premises, Landlord shall: (1)
   furnish Tenant an itemized statement indicating the amount of any security deposit received and the basis for its disposition
   and supporting documentation as required by California Civil Code § 1950.5(g); and (2) return any remaining portion of the
   security deposit to Tenant.
 C. Security deposit will not be returned until all Tenants have vacated the Premises and all keys returned. Any security
   deposit returned by check shall be made out to all Tenants named on this Agreement, or as subsequently modified.
 D. No interest will be paid on security deposit unless required by local law.
 E. If the security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If the security deposit is
   held in Owner's Broker's trust account, and Broker's authority is terminated before expiration of this Agreement, and security
   deposit is released to someone other than Tenant, then Broker shall notify Tenant, in writing, where and to whom security
   deposit has been released. Once Tenant has been provided such notice, Tenant agrees not to hold Broker responsible for the
   security deposit.

**5. MOVE-IN COSTS RECEIVED/DUE:** Move-in funds made payable to _____
   shall be paid by ☐ personal check, ☐ money order, or ☐ cashier's check.

| Category WB | Total Due | Payment Received | Balance Due | Date Due |
|---|---|---|---|---|
| Rent from 9-15-2013 to 10-15-20(13) | 3,000.00 | July 25, 12  3000.00 | 0 | |
| *Security Deposit | 4,000.00 | July,25,2012 | 0 | |
| Other | | | | |
| Other | | | | |
| Total | | | | |

*The maximum amount Landlord may receive as security deposit, however designated, cannot exceed two months' Rent for
unfurnished premises, or three months' Rent for furnished premises.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized
reproduction of this form, or any portion thereof, by photocopy machine or any other
means, including facsimile or computerized formats. Copyright © 1991-2008,
CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
LR REVISED 11/08 (PAGE 1 OF 6)  Print Date BD Jun 09

Tenant's Initials ( 9H )( )
Landlord's Initials ( )( )
Reviewed by _____ Date _____

MASTER COPY

RESIDENTIAL LEASE OR MONTH TO MONTH RENTAL AGREEMENT (LR PAGE 1 OF 6)

Exhibit

Premises: _14537 Addison St., Sherman Oaks, ca91403_          Date: _July 25, 2013_

**6. LATE CHARGE; RETURNED CHECKS:**

**A.** Tenant acknowledges either late payment of Rent or issuance of a returned check may cause Landlord to incur costs and expenses, the exact amounts of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of Rent due from Tenant is not received by Landlord within 5 (or _seven_ calendar days after the date due, or if a check is returned, Tenant shall pay to Landlord, respectively, an additional sum of $_100.00_ or _____% of the Rent due as a Late Charge and $25.00 as NSF fee for the first returned check and $35.00 as a NSF fee for each additional returned check, either or both of which shall be deemed additional Rent.

**B.** Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of Rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall not be deemed an extension of the date Rent is due under paragraph 3 or prevent Landlord from exercising any other rights and remedies under this Agreement and as provided by law.

**7. PARKING: (Check A or B)**

☐ **A.** Parking is permitted as follows: _____
_____
The right to parking ☐ is ☐ is not included in the Rent charged pursuant to paragraph 3. If not included in the Rent, the parking rental fee shall be an additional $ _____ per month. Parking space(s) are to be used for parking properly licensed and operable motor vehicles, except for trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be kept clean. Vehicles leaking oil, gas or other motor vehicle fluids shall not be parked on the Premises. Mechanical work or storage of inoperable vehicles is not permitted in parking space(s) or elsewhere on the Premises.

OR ☐ **B.** Parking is not permitted on the Premises.

**8. STORAGE: (Check A or B)**

☐ **A.** Storage is permitted as follows: _____
The right to storage space ☐ is, ☐ is not, included in the Rent charged pursuant to paragraph 3. If not included in the Rent, storage space fee shall be an additional $ _____ per month. Tenant shall store only personal property Tenant owns, and shall not store property claimed by another or in which another has any right, title or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, hazardous waste or other inherently dangerous material, or illegal substances.

OR ☐ **B.** Storage is not permitted on the Premises.

**9. UTILITIES:** Tenant agrees to pay for all utilities and services, and the following charges: +pool service except_gardner_ _____, which shall be paid for by Landlord. If any utilities are not separately metered, water, gas, electrical, p
Tenant shall pay Tenant's proportional share, as reasonably determined and directed by Landlord. If utilities are separately metered, Tenant shall place utilities in Tenant's name as of the Commencement Date. Landlord is only responsible for installing and maintaining one usable telephone jack and one telephone line to the Premises. Tenant shall pay any cost for conversion from existing utilities service provider.

**10. CONDITION OF PREMISES:** Tenant has examined Premises and, if any, all furniture, furnishings, appliances, landscaping and fixtures, including smoke detector(s).
**(Check all that apply:)**

☐ **A.** Tenant acknowledges these items are clean and in operable condition, with the following exceptions: _____
_____

☐ **B.** Tenant's acknowledgment of the condition of these items is contained in an attached statement of condition (C.A.R. Form MIMO).

☐ **C.** Tenant will provide Landlord a list of items that are damaged or not in operable condition within 3 (or ☐ _____ ) days after Commencement Date, not as a contingency of this Agreement but rather as an acknowledgment of the condition of the Premises.

☐ **D.** Other: _____

**11. MAINTENANCE:**

**A.** Tenant shall properly use, operate and safeguard Premises, including if applicable, any landscaping, furniture, furnishings and appliances, and all mechanical, electrical, gas and plumbing fixtures, and keep them and the Premises clean, sanitary and well ventilated. Tenant shall be responsible for checking and maintaining all smoke detectors and any additional phone lines beyond the one line and jack that Landlord shall provide and maintain. Tenant shall immediately notify Landlord, in writing, of any problem, malfunction or damage. Tenant shall be charged for all repairs or replacements caused by Tenant, pets, guests or licensees of Tenant, excluding ordinary wear and tear. Tenant shall be charged for all damage to Premises as a result of failure to report a problem in a timely manner. Tenant shall be charged for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots invading sewer lines.

**B.** ☐ Landlord ☒ Tenant shall water the garden, landscaping, trees and shrubs, except: _____

**C.** ☐ Landlord ☐ Tenant shall maintain the garden, landscaping, trees and shrubs, except: _____

**D.** ☐ Landlord ☐ Tenant shall maintain _____

**E.** Tenant's failure to maintain any item for which Tenant is responsible shall give Landlord the right to hire someone to perform such maintenance and charge Tenant to cover the cost of such maintenance.

**F.** The following items of personal property are included in the Premises without warranty and Landlord will not maintain, repair or replace them: _____

Tenant's Initials ( _____ )( _ak_ )
Landlord's Initials ( _WT_ )( _____ )

Reviewed by _____ / Date _____

Copyright © 1991-2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
LR REVISED 11/08 (PAGE 2 OF 6)

EQUAL HOUSING
OPPORTUNITY

MASTER COPY

02/25/2011 FRI 14:00   FAX

Premises: _____14537 Addison St.,Sherman Oaks,Ca91403_____ Date: July 25, 2013

**12. NEIGHBORHOOD CONDITIONS:** Tenant is advised to satisfy him or herself as to neighborhood or area conditions, including schools, proximity and adequacy of law enforcement, crime statistics, proximity of registered felons or offenders, fire protection, other governmental services, availability, adequacy and cost of any wired, wireless internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, cemeteries, facilities and condition of common areas, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Tenant.

**13. PETS:** Unless otherwise provided in California Civil Code § 54.2, no animal or pet shall be kept on or about the Premises without Landlord's prior written consent, except: _____

**14.** ☒ (If checked) **NO SMOKING:** No smoking is allowed on the Premises.  If smoking does occur on the Premises, **(i)** Tenant is responsible for all damage caused by the smoking including, but not limited to, stains, burns, odors and removal of debris; **(ii)** Tenant is in breach of this Agreement; **(iii)** Tenant, Authorized Guests, and all others may be required to leave the Premises; and **(iv)** Tenant acknowledges that in order to remove odor caused by smoking, Landlord may need to take certain actions such as replacing carpet and drapes and painting entire premises regardless of when these items were last cleaned or replaced. Such actions and other necessary steps will impact the return of any security deposit.

**15. RULES/REGULATIONS:**

**A.** Tenant agrees to comply with all Landlord rules and regulations that are at any time posted on the Premises or delivered to Tenant. Tenant shall not, and shall ensure that guests and licensees of Tenant shall not, disturb, annoy, endanger or interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, including, but not limited to, using, manufacturing, selling, storing or transporting illicit drugs or other contraband, or violate any law or ordinance, or commit a waste or nuisance on or about the Premises.

**B. (If applicable, check one)**
☐ 1.  Landlord shall provide Tenant with a copy of the rules and regulations within _____ days
    or _____
OR ☐ 2.  Tenant has been provided with, and acknowledges receipt of, a copy of the rules and regulations.

**16.** ☐ (If checked) **CONDOMINIUM;PLANNED UNIT DEVELOPMENT:**

**A.** The Premises is a unit in a condominium, planned unit development, common interest subdivision or other  development governed by a homeowners' association ("HOA"). The name of the HOA is _____. Tenant agrees to comply with all HOA covenants, conditions and restrictions, bylaws, rules and regulations and decisions. Landlord shall provide Tenant copies of rules and regulations, if any. Tenant shall reimburse Landlord for any fines or charges imposed by HOA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant.

**B. (Check one)**
☐ 1.  Landlord shall provide Tenant with a copy of the HOA rules and regulations within _____ days
    or _____
OR ☐ 2.  Tenant has been provided with, and acknowledges receipt of, a copy of the HOA rules and regulations.

**17. ALTERATIONS; REPAIRS:** Unless otherwise specified by law or paragraph 29C, without Landlord's prior written consent, **(i)** Tenant shall not make any repairs, alterations or improvements in or about the Premises including: painting, wallpapering, adding or changing locks, installing antenna or satellite dish(es), placing signs, displays or exhibits, or using screws, fastening devices, large nails or adhesive materials; **(ii)** Landlord shall not be responsible for the costs of alterations or repairs made by Tenant; **(iii)** Tenant shall not deduct from Rent the costs of any repairs, alterations or improvements; and **(iv)** any deduction made by Tenant shall be considered unpaid Rent.

**18. KEYS; LOCKS:**

**A.** Tenant acknowledges receipt of (or Tenant will receive ☐ prior to the Commencement Date, or ☐ _____):
☐ _____ key(s) to Premises,       ☐ _____ remote control device(s) for garage door/gate opener(s),
☐ _____ key(s) to mailbox,        ☐ _____
☐ _____ key(s) to common area(s),  ☐ _____
**B.** Tenant acknowledges that locks to the Premises ☐ have, ☐ have not, been re-keyed.
**C.** If Tenant re-keys existing locks or opening devices, Tenant shall immediately deliver copies of all keys to Landlord. Tenant shall pay all costs and charges related to loss of any keys or opening devices. Tenant may not remove locks, even if installed by Tenant.

**19. ENTRY:**

**A.** Tenant shall make Premises available to Landlord or Landlord's representative for the purpose of entering to make necessary or agreed repairs, decorations, alterations, or improvements, or to supply necessary or agreed services, or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, or contractors.
**B.** Landlord and Tenant agree that 24-hour written notice shall be reasonable and sufficient notice, except as follows. 48-hour written notice is required to conduct an inspection of the Premises prior to the Tenant moving out, unless the Tenant waives the right to such notice. Notice may be given orally to show the Premises to actual or prospective purchasers provided Tenant has been notified in writing within 120 days preceding the oral notice that the Premises are for sale and that oral notice may be given to show the Premises. No notice is required: **(i)** to enter in case of an emergency; **(ii)** if the Tenant is present and consents at the time of entry or **(iii)** if the Tenant has abandoned or surrendered the Premises. No written notice is required if Landlord and Tenant orally agree to an entry for agreed services or repairs if the date and time of entry are within one week of the oral agreement.
**C.** ☐ (If checked) Tenant authorizes the use of a keysafe/lockbox to allow entry into the Premises and agrees to sign a keysafe/lockbox addendum (C.A.R. Form KLA).

**20. SIGNS:** Tenant authorizes Landlord to place FOR SALE/LEASE signs on the Premises.

**21. ASSIGNMENT; SUBLETTING:** Tenant shall not sublet all or any part of Premises, or assign or transfer this Agreement or any interest in it, without Landlord's prior written consent. Unless such consent is obtained, any assignment, transfer or subletting of

Copyright © 1991-2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
LR REVISED 11/08 (PAGE 3 OF 6)

Tenant's Initials ( ____ )( ____ )
Landlord's Initials ( ____ )( ____ )

Reviewed by _____ Date _____

EQUAL HOUSING
OPPORTUNITY

MASTER COPY

Premises: ____14537 Addison St._____

Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law or otherwise, shall, at the option of Landlord, terminate this Agreement. Any proposed assignee, transferee or sublessee shall submit to Landlord an application and credit information for Landlord's approval, and if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one assignment, transfer or sublease, shall not be construed as consent to any subsequent assignment, transfer or sublease and does not release Tenant of Tenant's obligations under this Agreement.

**22. JOINT AND INDIVIDUAL OBLIGATIONS:** If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this Agreement, jointly with every other Tenant, and individually, whether or not in possession.

**23. ☐ LEAD-BASED PAINT (If checked):** Premises was constructed prior to 1978. In accordance with federal law, Landlord gives and Tenant acknowledges receipt of the disclosures on the attached form (C.A.R. Form FLD) and a federally approved lead pamphlet.

**24. ☐ MILITARY ORDNANCE DISCLOSURE:** (If applicable and known to Landlord) Premises is located within one mile of an area once used for military training, and may contain potentially explosive munitions.

**25. ☐ PERIODIC PEST CONTROL:** Landlord has entered into a contract for periodic pest control treatment of the Premises and shall give Tenant a copy of the notice originally given to Landlord by the pest control company.

**26. ☐ METHAMPHETAMINE CONTAMINATION:** Prior to signing this Agreement, Landlord has given Tenant a notice that a health official has issued an order prohibiting occupancy of the property because of methamphetamine contamination. A copy of the notice and order are attached.

**27. MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Landlord nor Brokers, if any, are required to check this website. If Tenant wants further information, Tenant should obtain information directly from this website.)

**28. POSSESSION:**
   **A.** Tenant is not in possession of the premises. If Landlord is unable to deliver possession of Premises on Commencement Date, such Date shall be extended to the date on which possession is made available to Tenant. If Landlord is unable to deliver possession within 5 (or ☐ _____) **calendar days** after agreed Commencement Date, Tenant may terminate this Agreement by giving written notice to Landlord, and shall be refunded all Rent and security deposit paid. Possession is deemed terminated when Tenant has returned all keys to the Premises to Landlord.
   **B.** ☐ Tenant is already in possession of the Premises.

**29. TENANT'S OBLIGATIONS UPON VACATING PREMISES:**
   **A.** Upon termination of this Agreement, Tenant shall: **(i)** give Landlord all copies of all keys or opening devices to Premises, including any common areas; **(ii)** vacate and surrender Premises to Landlord, empty of all persons; **(iii)** vacate any/all parking and/or storage space; **(iv)** clean and deliver Premises, as specified in paragraph C below, to Landlord in the same condition as referenced in paragraph 10; **(v)** remove all debris; **(vi)** give written notice to Landlord of Tenant's forwarding address; and **(vii)** ____
   **B.** All alterations/improvements made by or caused to be made by Tenant, with or without Landlord's consent, become the property of Landlord upon termination. Landlord may charge Tenant for restoration of the Premises to the condition it was in prior to any alterations/improvements.
   **C.** **Right to Pre-Move-Out Inspection and Repairs: (i)** After giving or receiving notice of termination of a tenancy (C.A.R. Form NTT), or before the end of a lease, Tenant has the right to request that an inspection of the Premises take place prior to termination of the lease or rental (C.A.R. Form NRI). If Tenant requests such an inspection, Tenant shall be given an opportunity to remedy identified deficiencies prior to termination, consistent with the terms of this Agreement. **(ii)** Any repairs or alterations made to the Premises as a result of this inspection (collectively, "Repairs") shall be made at Tenant's expense. Repairs may be performed by Tenant or through others, who have adequate insurance and licenses and are approved by Landlord. The work shall comply with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. **(iii)** Tenant shall: **(a)** obtain receipts for Repairs performed by others; **(b)** prepare a written statement indicating the Repairs performed by Tenant and the date of such Repairs; and **(c)** provide copies of receipts and statements to Landlord prior to termination. Paragraph 29C does not apply when the tenancy is terminated pursuant to California Code of Civil Procedure § 1161(2), (3) or (4).

**30. BREACH OF CONTRACT; EARLY TERMINATION:** In addition to any obligations established by paragraph 29, in the event of termination by Tenant prior to completion of the original term of the Agreement, Tenant shall also be responsible for lost Rent, rental commissions, advertising expenses and painting costs necessary to ready Premises for re-rental. Landlord may withhold any such amounts from Tenant's security deposit.

**31. TEMPORARY RELOCATION:** Subject to local law, Tenant agrees, upon demand of Landlord, to temporarily vacate Premises for a reasonable period, to allow for fumigation (or other methods) to control wood destroying pests or organisms, or other repairs to Premises. Tenant agrees to comply with all instructions and requirements necessary to prepare Premises to accommodate pest control, fumigation or other work, including bagging or storage of food and medicine, and removal of perishables and valuables. Tenant shall only be entitled to a credit of Rent equal to the per diem Rent for the period of time Tenant is required to vacate Premises.

**32. DAMAGE TO PREMISES:** If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty that render Premises totally or partially uninhabitable, either Landlord or Tenant may terminate this Agreement by giving the other written notice. Rent shall be abated as of the date Premises become totally or partially uninhabitable. The abated amount shall be the current monthly Rent prorated on a 30-day period. If the Agreement is not terminated, Landlord shall promptly repair the damage, and Rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in Rent shall be made.

**33. INSURANCE:** Tenant's or guest's personal property and vehicles are not insured by Landlord, manager or, if applicable, HOA, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. **Tenant**

Tenant's Initials ( _____ )( _av_ )
Landlord's Initials ( _HH_ )( ___ )

Reviewed by ____  Date ____



Copyright © 1991-2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
LR REVISED 11/08 (PAGE 4 OF 6)

MASTER COPY

MONTH TO MONTH RENTAL AGREEMENT (LR PAGE 4 OF 6)

Premises: **14537 Addison St.,Sherman Oaks,ca91403.**   Date: *July 25, 2013*

is advised to carry Tenant's own insurance (renter's insurance) to protect Tenant from any such loss or damage. Tenant shall comply with any requirement imposed on Tenant by Landlord's insurer to avoid: (i) an increase in Landlord's insurance premium (or Tenant shall pay for the increase in premium); or (ii) loss of insurance.

**34. WATERBEDS:** Tenant shall not use or have waterbeds on the Premises unless: (i) Tenant obtains a valid waterbed insurance policy; (ii) Tenant increases the security deposit in an amount equal to one-half of one month's Rent; and (iii) the bed conforms to the floor load capacity of Premises.

**35. WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.

**36. NOTICE:** Notices may be served at the following address, or at any other location subsequently designated:

Landlord: **Mark &Wanda Borna**   Tenant: *Alex Hazan*
~~**3289 N. Blue Ridge Ct.,**~~   ~~**14537 Addison St.,**~~
~~**Westlake Village,ca 91362**~~   ~~**Sherman Oaks,Ca91403.**~~

**37. TENANT ESTOPPEL CERTIFICATE:** Tenant shall execute and return a tenant estoppel certificate delivered to Tenant by Landlord or Landlord's agent within 3 days after its receipt. Failure to comply with this requirement shall be deemed Tenant's acknowledgment that the tenant estoppel certificate is true and correct, and may be relied upon by a lender or purchaser.

**38. TENANT REPRESENTATIONS; CREDIT:** Tenant warrants that all statements in Tenant's rental application are accurate. Tenant authorizes Landlord and Broker(s) to obtain Tenant's credit report periodically during the tenancy in connection with the modification or enforcement of this Agreement. Landlord may cancel this Agreement: (i) before occupancy begins; (ii) upon disapproval of the credit report(s); or (iii) at any time, upon discovering that information in Tenant's application is false. A negative credit report reflecting on Tenant's record may be submitted to a credit reporting agency if Tenant fails to fulfill the terms of payment and other obligations under this Agreement.

**39. MEDIATION:**

A. Consistent with paragraphs B and C below, Landlord and Tenant agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action.

B. The following matters are excluded from mediation: (i) an unlawful detainer action; (ii) the filing or enforcement of a mechanic's lien; and (iii) any matter within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation provision.

C. Landlord and Tenant agree to mediate disputes or claims involving Listing Agent, Leasing Agent or property manager ("Broker"), provided Broker shall have agreed to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to such Broker. Any election by Broker to participate in mediation shall not result in Broker being deemed a party to this Agreement.

**40. ATTORNEY FEES:** In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs, except as provided in paragraph 39A.

**41. C.A.R. FORM:** C.A.R. Form means the specific form referenced or another comparable form agreed to by the parties.

**42. OTHER TERMS AND CONDITIONS;SUPPLEMENTS:** ☐ Interpreter/Translator Agreement (C.A.R. Form ITA);
☐ Keysafe/Lockbox Addendum (C.A.R. Form KLA); ☐ Lead-Based Paint and Lead-Based Paint Hazards Disclosure (C.A.R. Form FLD)

*Sept 15,2014 Sept 15,2015*

~~The following ATTACHED supplements are incorporated in this Agreement:~~ *from July 1th 2014* ~~the rent will be 3,200.00 to June 30th, 2015.~~ Tenant needs to give 60 days ~~written~~ written notice if they need to renew the Lease or move out.

**43. TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed except in writing. This Agreement is subject to California landlord-tenant law and shall incorporate all changes required by amendment or successors to such law. This Agreement and any supplement, addendum or modification, including any copy, may be signed in two or more counterparts, all of which shall constitute one and the same writing.

**44. AGENCY:**

A. **CONFIRMATION:** The following agency relationship(s) are hereby confirmed for this transaction:
Listing Agent: (Print firm name) _____ is the agent of
(check one): ☐ the Landlord exclusively; or ☐ both the Landlord and Tenant.
Leasing Agent: (Print firm name) _____ (if not same as Listing
Agent) is the agent of (check one): ☐ the Tenant exclusively; or ☐ the Landlord exclusively; or ☐ both the Tenant and Landlord.

B. **DISCLOSURE:** ☐ (If checked): The term of this lease exceeds one year. A disclosure regarding real estate agency relationships (C.A.R. Form AD) has been provided to Landlord and Tenant, who each acknowledge its receipt.

**45. ☐ TENANT COMPENSATION TO BROKER:** Upon execution of this Agreement, Tenant agrees to pay compensation to Broker as specified in a separate written agreement between Tenant and Broker.

Copyright © 1991-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC.

**LR REVISED 11/06 (PAGE 5 OF 6)**

Tenant's Initials ( _____ )( _____ )
Landlord's Initials ( _____ )( _____ )

| Reviewed by _____ Date _____ |
|---|

02/25/2011 FRI 14:02 FAX                                                                   @010/010

Premises: __14537 Addison St.,sherman Oaks,ca91403.__     Date: _July 25, 2013_

46. ☐ **INTERPRETER/TRANSLATOR:** The terms of this Agreement have been interpreted for Tenant into the following language: _____. Landlord and Tenant acknowledge receipt of the attached interpreter/translator agreement (C.A.R. Form ITA).

47. **FOREIGN LANGUAGE NEGOTIATION:** If this Agreement has been negotiated between Landlord and Tenant primarily in Spanish, Chinese, Tagalog, Korean or Vietnamese, pursuant to the California Civil Code, Tenant shall be provided a translation of this Agreement in the language used for the negotiation.

48. **OWNER COMPENSATION TO BROKER:** Upon execution of this Agreement, Owner agrees to pay compensation to Broker as specified in a separate written agreement between Owner and Broker (C.A.R. Form LCA).

49. **RECEIPT:** If specified in paragraph 5, Landlord acknowledges receipt of move-in funds.

> Landlord and Tenant acknowledge and agree Brokers: **(a)** do not guarantee the condition of the Premises; **(b)** cannot verify representations made by others; **(c)** cannot provide legal or tax advice; **(d)** will not provide other advice or information that exceeds the knowledge, education or experience required to obtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in this Agreement, Brokers: **(e)** do not decide what rental rate a Tenant should pay or Landlord should accept; and **(f)** do not decide upon the length or other terms of tenancy. Landlord and Tenant agree that they will seek legal, tax, insurance and other desired assistance from appropriate professionals.

Tenant agrees to rent the Premises on the above terms and conditions.

Tenant _____ Date _____
Address __14537 Addison St.,Sherman Oaks,Ca91403_____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____
Tenant _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

☐ **GUARANTEE:** In consideration of the execution of this Agreement by and between Landlord and Tenant and for valuable consideration, receipt of which is hereby acknowledged, the undersigned ("Guarantor") does hereby: **(i)** guarantee unconditionally to Landlord and Landlord's agents, successors and assigns, the prompt payment of Rent or other sums that become due pursuant to this Agreement, including any and all court costs and attorney fees included in enforcing the Agreement; **(ii)** consent to any changes, modifications or alterations of any term in this Agreement agreed to by Landlord and Tenant; and **(iii)** waive any right to require Landlord and/or Landlord's agents to proceed against Tenant for any default occurring under this Agreement before seeking to enforce this Guarantee.

Guarantor (Print Name) _____
Guarantor _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Landlord agrees to rent the Premises on the above terms and conditions.

Landlord __Mark and Wanda Borna__     Landlord _Mark K Borna_
                                                _Wanda Borna_
Address __P.O.Box 7136,Westlake Village Ca91359__     _July 25, 2013_
Telephone _805-558-9911_ Fax_805-230-1237_ E-mail _none_

**REAL ESTATE BROKERS:**
A. Real estate brokers who are not also Landlord under this Agreement are not parties to the Agreement between Landlord and Tenant.
B. Agency relationships are confirmed in paragraph 44.
C. **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (Leasing Firm) and Cooperating Broker agrees to accept: **(i)** the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS; or **(ii)** ☐ (if checked) the amount specified in a separate written agreement between Listing Broker and Cooperating Broker.

Real Estate Broker (Listing Firm) _____ DRE Lic. # _____
By (Agent) _____ DRE Lic. # _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Real Estate Broker (Leasing Firm) _____ DRE Lic. # _____
By (Agent) _____ DRE Lic. # _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____



LR REVISED 11/08 (PAGE 6 OF 6)

MASTER COPY

# THREE DAY NOTICE TO PAY RENT OR QUIT

TO: __Alexander Hazan, Rachel Meshulam__

*All Residents (tenants and subtenants) in possession (full name) and all others in possession*

of the premises located at:

__14537 Addison St.,Sherman Oaks,Ca91403__ , Unit # (if applicable) _____
*(Street Address)*

_____ , CA _____
*(City)*                          *(Zip)*

**WITHIN THREE DAYS** after the service on you of this Notice, you are hereby required to make payment **PAYABLE TO**

__Mark and Wanda Borna__                          (Owner/Agent) the rent for the premises

amounting to the total sum of: __Six thousand dollars__

dollars ($ __6,000.00__ ) calculated as follows:

$ __3,000.00__ for the rental period from __March1, 2015__    through __March 31, 2015__

$ __3,000.00__ for the rental period from __April 1th 2015__    through __April 30, 2015__

$ __N/A__ for the rental period from __N/A__    through __N/A__

**OR QUIT AND DELIVER THE POSSESSION OF THE PREMISES.**

If you fail to perform or otherwise comply, Owner/Agent declares the forfeiture of your Rental/Lease Agreement and will institute legal proceedings to obtain possession. Such proceedings could result in a judgment against you, which may include attorneys' fees and court costs as allowed by law, and an additional punitive award of six hundred dollars ($600) in accordance with California law. If you fail to fulfill the terms of your credit obligations, a negative credit report may be submitted to a credit reporting agency. This Three-day Notice to Pay Rent or Quit supersedes all previous Three-day Notices to Pay Rent or Quit, if any.

Payment must be made to Owner/Agent at the following address:

__Mark and Wanda Borna    805-558-9911__

Telephone number for above address: __3289 N.Blue Ridge Ct.,Westlake Village,Ca91362__

Payments made in person may be delivered to Owner/Agent between the hours of __at any time__ on the following days of the week: ☐ Monday ☐ Tuesday ☐ Wednesday ☐ Thursday ☐ Friday ☐ Saturday ☐ Sunday. __any day__

Acceptable methods of payment: ☐ Personal Check ☐Cashier's Check ☐Money Order ☐EFT/Credit (see Owner/Agent for details) and ☐Cash
__by Cashier's Check or Cash__

__April 3rd, 2015__                          *Mark Borna*
**Date**                                      **Owner/Agent**



*California Apartment Association Approved Form*
*www.caanet.org*
*Form 4.0 — Revised 1/05 — © 2005 — All Rights Reserved*
*Page 1 of 1*

UNAUTHORIZED REPRODUCTION
OF BLANK FORMS IS ILLEGAL



exhibit
B

## DECLARATION OF SERVICE OF NOTICE

Name of Renter(s):  ___Alexander Hazan,Rachel Meshulam_____

Name of person served
  (if other than renter):  _____

Place of service:  ___14537 Addison St.,Sherman Oaks,Ca91403_____

Date and Time of service:  ___April 3rd,2015 ,& 7.45 am_____

I declare that:

I served a copy of the  3 DAY NOTICE TO PAY CR QUIT                on the renter(s) named above by:
                              (Check applicable statement)

_____ Delivering it personally to one or more of the renter(s) named above.

**(IF UNABLE TO SERVE THE RENTER(S) PERSONALLY AFTER MAKING A DILIGENT EFFORT TO DO SO, INCLUDING AT LEAST THREE (3) ATTEMPTS AT DIFFERENT TIMES OR ON DIFFERENT DAYS AT THE PREMISES OR, IF KNOWN, AT THE RENTER(S) PLACE OF BUSINESS.)**

_____ Leaving a copy with the person named above, who is of suitable age and discretion, at the renter(s) premises/business and by sending a copy in a sealed envelope, by first class mail, postage prepaid, addressed to the renter(s) at the premises.

__X___ Affixing a copy to the front door of the premises and by sending a copy in a sealed envelope by first class mail, postage prepaid, addressed to the renter(s) at the premises, in as much as the renter(s) actual place of residence or business cannot be ascertained and/or a person of suitable age and discretion cannot be found at the renter(s) premises or business.

_____ I am personally aware of these facts and I am competent to testify thereto as a witness. I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on the following date and the following place:

DATE:  ___April 3rd,2015_____

PLACE:  ___Sherman Oaks,Ca 91403_____ , California.
           14537 Addison St.,

                                        _Mark K Borna_____
                                        **DECLARANT**
                                            MArk K.Borna

LS-1

Legal
Solutions
Ca Plus

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
MARK BORNA, WANDA BORNA
3289 NORTH BLUE RIDGE COURT
WESTLAKE VILLAGE CA 91302

FOR COURT USE ONLY

**ORIGINAL FILED**
APR 10 2015
LOS ANGELES
SUPERIOR COURT

TELEPHONE NO.: 805 558 9911   FAX NO.:

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS: 6230 SYLMAR AVENUE
MAILING ADDRESS: VAN NUYS CA 91401
CITY AND ZIP CODE:
BRANCH NAME: NORTH WEST DISTRICT

CASE NAME: BORNA   VS HAZAN ,MESHULAM ET,AL

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☒☒ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 15B10588  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☒☒ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒☒☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒☒☒ monetary b. ☒☒☒ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*:  1
5. This case ☐ is ☒☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: APRIL 8, 2015
MARK BORNA, WANDA BORNA
*(TYPE OR PRINT NAME)*

*Mark Borna   Wanda Borna*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use   CIVIL CASE COVER SHEET   *[CCP]*   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740

Exhibit
C

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| | BORNA VS HAZAN, MESHULAM ET,AL | 15B10588 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES  CLASS ACTION? ☐ YES  LIMITED CASE? ☒ YES  TIME ESTIMATED FOR TRIAL 3 ☒ HOURS/ ☐ DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:**  After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:**  Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:**  In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:**  Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| | SHORT TITLE: Borna VS Hazan,Meshulam ET,AL | | CASE NUMBER | |
|---|---|---|---|---|

| | **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/<br>Wrongful Death Tort (Cont'd.)** | Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment<br>(15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful<br>eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract<br>(37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| | Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer -<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer -<br>Residential (32) | ☒ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer -<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |



| SHORT TITLE: | CASE NUMBER |
|---|---|
| Borna VS Hazan,Meshulam ET,AL. | |

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE. | ADDRESS: |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 14537 ADDISON STREET |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| SHERMAN OAKS | CA | 91403 | |

**Item IV. *Declaration of Assignment*:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___LOS ANGELES___ courthouse in the ___NORTH WEST___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: ___APRIL 8,2015___                    _____
                                             (SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

CIVIL CASE COVER SHEET ADDENDUM                    LASC, rule 2.0

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

MARK BORNA, WANDA BORNA
3289 NORTH BLUE RIDGE COURT
WESTLAKE VILLAGE CA 91302

TELEPHONE NO: 805 558 9911      FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

**ORIGINAL FILED**

APR 10 2015

**LOS ANGELES SUPERIOR COURT**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS:   6230 SYLMAR AVE
MAILING ADDRESS:   VAN NUYS CA 91401
CITY AND ZIP CODE:   NORTH WEST DISTRICT
BRANCH NAME:

PLAINTIFF:   MARK BORNA,WANDA BORNA

DEFENDANT:   ALEXANDER HAZAN, RACHEL MESHULAM

[XX]   DOES 1 TO   10

**COMPLAINT — UNLAWFUL DETAINER***

[XXX] COMPLAINT   [ ]   AMENDED COMPLAINT (Amendment Number):_____

15B10588

**Jurisdiction** (check all that apply):

[XXX]   **ACTION IS A LIMITED CIVIL CASE**
    Amount demanded   [XXX] does not exceed $10,000
                    [ ] exceeds $10,000 but does not exceed $25,000

[ ]   **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)

[ ]   **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint  (check all that apply):
    [ ] from unlawful detainer to general unlimited civil (possession not in issue)    [ ] from limited to unlimited
    [ ] from unlawful detainer to general limited civil (possession not in issue)    [ ] from unlimited to limited

1. PLAINTIFF (name each):   MARK BORNA , WANDA BORNA

    alleges causes of action against DEFENDANT (name each):   ALEXANDER HAZAN, RACHEL MESHULAM

2. a.  Plaintiff is   (1) [XX] an individual over the age of 18 years.   (4) [ ] a partnership.
                (2) [ ] a public agency                    (5) [ ] a corporation.
                (3) [ ] other (specify):

    b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
    14537 ADDISON STREET SHERMAN OAKS CA 91403

4. Plaintiff's interest in the premises is   [XXX] as owner   [ ] other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a.  On or about (date) PRIOR TO 4/2015      defendant (name each): ALEXANDER HAZAN,RACHEL MESHULAM

    (1) agreed to rent the premises as a   [XXX] month-to-month tenancy   [ ] other tenancy (specify):
    (2) agreed to pay rent of $ 3,000,00   payable [XXX] monthly   [ ] other (specify frequency):
    (3) agreed to pay rent  on the  [XX] first of the month   [ ] other day (specify):
    b. This [XXX] written   [ ] oral   agreement was made with
    (1) [XXX] plaintiff.                    (3) [ ] plaintiff's predecessor in interest.
    (2) [ ] plaintiff's agent.              (4) [ ] other (specify):

***NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. ...]

**COMPLAINT—UNLAWFUL DETAINER**   Legal Solutions

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166

| PLAINTIFF (Name): Mark Borna, Wanda Borna | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): Alexander Hazan, Rachel Meshulam ET, AL | |

6. c. ☐ The defendants not named in item 6a are

    (1) ☐ subtenants.

    (2) ☐ assignees.

    (3) ☐ other (specify):

  d. ☐ The agreement was later changed as follows (specify):

  e. ☒☒☒ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)

  f. ☐ (For residential property) A copy of the written agreement is not attached because (specify reason):

    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.

    (2) ☒☒☒ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☒☒☒ a. Defendant (name each): ALEXANDER HAZAN, RACHEL MESHULAM

      was served the following notice on the same date and in the same manner:

      (1) ☒☒☒ 3-day notice to pay rent or quit      (4) ☐ 3-day notice to perform covenants or quit

      (2) ☐ 30-day notice to quit             (5) ☐ 3-day notice to quit

      (3) ☐ 60-day notice to quit            (6) ☐ Other (specify):

  b. (1) On (date): 4/6/2015             the period stated in the notice expired at the end of the day.

    (2) Defendants failed to comply with the requirements of the notice by that date.

  c. ☐ All facts stated in the notice are true.

  d. ☒☒ The notice included an election of forfeiture.

  e. ☒☒ A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)

  f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)

8. a. ☒☒☒ The notice in item 7a was served on the defendant named in item 7a as follows:

    (1) ☐ by personally handing a copy to defendant on (date):

    (2) ☐ by leaving a copy with (name or description):

        a person of suitable age and discretion, on (date):        at defendant's

        ☐ residence ☐ business AND mailing a copy to defendant at defendant's place of residence on

        (date):             because defendant cannot be found at defendant's residence or usual

        place of business.

    (3) ☒☒ by posting a copy on the premises on (date): APRIL 3, 2015    ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on

        (date):    APRIL 3, 2015

        (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR

        (b) ☐ because no person of suitable age or discretion can be found there.

    (4) ☐ (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):

    (5) ☐ (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.

  b. ☐ (Name):

    was served on behalf of all defendants who signed a joint written rental agreement.

  c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

  d. ☐ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

**COMPLAINT—UNLAWFUL DETAINER**

PLAINTIFF (Name): MArk Borna,Wanda Borna

DEFENDANT (Name): Alexander Hazan,Rachel Meshulam ET,AL

CASE NUMBER:

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 6,000.00

11. ☒ The fair rental value of the premises is $ 100.00 per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 12.)

13. ☒ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**
   a. possession of the premises.
   b. costs incurred in this proceeding:
   c. ☒ past-due rent of $ 6,000.00
   d. ☒ reasonable attorney fees.
   e. ☒ forfeiture of the agreement.

   f. ☒ damages at the rate stated in item 11 from (date): 4/8/15 for each day that defendants remain in possession through entry of judgment.
   g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
   h. ☐ other (specify):

18. ☐ Number of pages attached (specify): _____

## UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. (Complete in all cases.) An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state):

   a. Assistant's name:
   b. Street address, city, and zip code:

   c. Telephone No.:
   d. County of registration:
   e. Registration No.:
   f. Expires on (date):

Date: APRIL 8,2015

MARK BORNA,WANDA BORNA
(TYPE OR PRINT NAME)

▶ _Mark Bor_ _Wanda Borna_
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: APRIL 8,2015

MARK BORNA,WANDA BORNA
(TYPE OR PRINT NAME)

▶ _Mark Borna_ _Wanda Borna_
(SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**

Page 3 of 3

```
| SUPERIOR COURT OF THE STATE OF CALIFORNIA      |  FOR COURT USE  |
| NORTHWEST DISTRICT-VAN NUYS COURT              |  ONLY           |
| COUNTY OF LOS ANGELES                          |                 |
|------------------------------------------------|                 |
|    PLAINTIFF      : BORNA, MARK                |                 |
|                            VS                  |                 |
|    DEFENDANT      : HAZAN, ALEXANDER           |                 |
|------------------------------------------------|-----------------|
|                                                |  CASE NUMBER    |
|       DEFAULT JUDGMENT BY CLERK                |   15B10588      |
|------------------------------------------------|-----------------|
```

The defendant(s)

        ALEXANDER HAZAN
        RACHEL MESHULAM

Having been served with a copy of the summons and complaint and having failed
to answer complaint of plaintiff(s) within the time allowed by law
and default of said defendant(s) having been entered, upon application of
plaintiff(s) the clerk entered the following judgment:

The court, after having considered the evidence, found the amount of rent due
the plaintiff(s) to be $        .00, and assessed the statutory damages
for the unlawful detainer at $       .00 and ordered the following judgment:
It is adjudged that on the complaint
Plaintiff(s):

        MARK BORNA
        WANDA BORNA

recover from defendants
        ALEXANDER HAZAN
        RACHEL MESHULAM
the restitution and possesion of those premises situated in the County of
Los Angeles, State of California, and more particularly described as:
14537 ADDISON STREET, , SHERMAN OAKS, CA. 91403

and the sum of $       .00, and $       .00 attorney fees, with costs as
provided by law in the sum of $       .00.

Judgment for possession is granted against all unnamed occupants pursuant to
415.46 C.C.P.

_____ Deputy Clerk
      ANN      CROCKER

        FILED AND ENTERED
          ON   5/20/15
      SHERRI R CARTER, CLERK
    CLERK OF THE ABOVE NAMED COURT

By: ANN       CROCKER     , Deputy

exhibit
D

EJ-130

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number and address):*

MARK BORNA, WANDA BORNA
3289 BLUE RIDGE XCOURT
WESTLAKE VILLAGE CA 91302

TELEPHONE NO.: 805 558 9911    FAX NO.:

E-MAIL ADDRESS:

ATTORNEY FOR *(Name):*

☐ ATTORNEY FOR   ☒ JUDGMENT CREDITOR   ☐ ASSIGNEE OF RECORD

**FOR COURT USE ONLY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 6230 SYLMAR AVE
MAILING ADDRESS: VAN NUYS CA 91401
CITY AND ZIP CODE: NORTH DISTRICT
BRANCH NAME:

PLAINTIFF: MARK BORNA, WANDA BORNA

DEFENDANT: ALEXANDER HAZAN, RACHEL MESHULAM

| WRIT OF | ☒ EXECUTION (Money Judgment) | CASE NUMBER: 15B10588 |
|---|---|---|
| | ☒ POSSESSION OF  ☐ Personal Property   ☒ Real Property | |
| | ☐ SALE | ☒ Limited Civil Case   ☐ Small Claims Case   ☐ Unlimited Civil Case   ☐ Other_____ |

1. **To the Sheriff or Marshal of the County of:**   LOS ANGELES
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name):* MARK BORNA, WANDA BORNA
   is the ☒ judgment creditor   ☐ assignee of record   whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name, type of legal entity stated in judgment if not a natural person, and last known address):*

   ALEXANDER HAZAN
   14537 ADDISON STREET
   SHERMAN OAKS CA 91403

   ☒ Additional judgment debtors on next page
5. **Judgment entered on** *(date):* MAY 20, 2015
6. ☐ **Judgment renewed on** *(dates):*
7. **Notice of sale under this writ**
   a. ☒ has not been requested.
   b. ☐ has been requested *(see next page).*
8. ☐ **Joint debtor information on next page.**

[SEAL]

9. ☒ See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. ☐ This writ is issued on a sister-state judgment.
11. Total judgment .................. $
12. Costs after judgment (per filed order or memo CCP 685.090) ........... $
13. Subtotal *(add 11 and 12)* ........ $
14. Credits ...................... $
15. Subtotal *(subtract 14 from 13)* .... $
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees) .. $
17. Fee for issuance of writ ............ $   25.00
18. **Total** *(add 15, 16, and 17)* ......... $   25.00
19. Levying officer:
    (a) Add daily interest from date of writ *(at the legal rate on 15)* (not on GC 6103.5 fees) of . . . . . . $
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) ........... $
20. ☐ The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Issued on *(date):* MAY 20 2015    Clerk, by Ann Crocker , Deputy
Sherri R. Carter, Executive Officer/Clerk

**NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.**

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2012]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5

Exhibit C

| SUPERIOR COURT OF LOS ANGELES JUDICIAL DISTRICT<br>COUNTY OF LOS ANGELES, STATE OF CALIFORNIA | |
|---|---|
| PLAINTIFF<br>BORNA, MARK | |
| DEFENDANT<br>HAZAN, ALEXANDER | |
| NOTICE OF COURT ACTION PRIOR TO ANSWER | CASE NUMBER<br>15B10588 |
| | |

This is to acknowledge the filing of your ANSWER in the above-entitled action on 05/20/15.  As this document was not filed within the time allowed by law, this is to notify you:

( X ) Default of 05/06/15 **was** entered as of 05/06/15.
( X ) Judgment was entered on 05/20/15 .
(   ) A Writ was issued on _____ .

At the request of plaintiff and has (have) not been vacated or set aside.

I am the clerk of the above-named court and not a party to the above-entitled matter.  On the date shown below, I served this notice by placing a true copy thereof in each of separate envelopes and depositing them with first-class postage thereon fully prepaid in the United States mail at Los Angeles California.

I certify the foregoing is true and correct.

| Dated and Mailed<br>05/22/15 | Sherri R. Carter, Executive Officer/Clerk<br>By: *T. (BCt)*                  Deputy |
|---|---|
| BORNA, MARK<br>3289 NORTH BLUE RIDGE COURT<br>WESTLAKE VILLAGE, CA 91302 | HAZAN, ALEXANDER<br>14537 ADDISON STREET<br>SHERMAN OAKS, CA 91403 |
| MESHULAM, RACHEL<br>14537 ADDISON STREET<br>SHERMAN OAKS, CA 91403 | |

Exhibit
F

5/20/15 11:52AM PDT

UD-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ALEXANDER HAZAN<br>14537 ADDISON STREET<br>SHERMAN OAKS CA 91403<br><br>TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):  FAX NO.: 818-473-4222 | RECD NW<br>MAY 20 2015<br>BY FAX<br><br>FILED<br>Superior Court Of California<br>County of Los Angeles<br>MAY 20 2015<br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ Annie Brady _____, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:  6230 SYLMAR AVE
MAILING ADDRESS:
CITY AND ZIP CODE:  VAN NUYS CA 91401
BRANCH NAME:  VAN NUYS EAST

Plaintiff:  MARK BORNA; WANDA BONA
Defendant:  ALEXANDER HAZAN; RACHEL MESHULAM

| ANSWER—UNLAWFUL DETAINER | CASE NUMBER:<br>15B10588 |
|---|---|

1. **Defendant** (each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs):  ALEXANDE HAZAN; RACHEL MESHULAM

   answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**
   a. ☒ Defendant generally denies each statement of the complaint. (Do not check this box if the complaint demands more than $1,000.)
   b. ☒ Defendant admits that all of the statements of the complaint are true EXCEPT:
      (1) Defendant claims the following statements of the complaint are false  state paragraph numbers from the complaint or explain below or on form MC-025):  ☐ Explanation is on MC-025, titled as Attachment 2b(1).

      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them (state paragraph numbers from the complaint or explain below or on form MC-025):
      ☐ Explanation is on MC-025, titled as Attachment 2b(2).

3. **AFFIRMATIVE DEFENSES** (NOTE: For each box checked, you must state brief facts to support it in item 3k (top of page 2).)
   a. ☒ (nonpayment of rent only) Plaintiff has breached the warranty to provide habitable premises.
   b. ☐ (nonpayment of rent only) Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. ☐ (nonpayment of rent only) On (date):  before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.
   e. ☐ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. ☐ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.
   g. ☐ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):

      (Also, briefly state in item 3k the facts showing violation of the ordinance.)
   h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. ☐ Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, stalking, human trafficking, or abuse of an elder or a dependent adult. (A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)
   j. ☐ Other affirmative defenses are stated in item 3k.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
UD-105 [Rev. January 2, 2014]

**ANSWER—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.;
Code of Civil Procedure, § 425.12, § 1161 et seq.
www.courts.ca.gov

Exhibit
C

**UD-105**

CASE NUMBER:

3. **AFFIRMATIVE DEFENSES** (cont'd)

   k. Facts supporting affirmative defenses checked above (*identify facts for each item by its letter from page 1 below or on form MC-025*):

     ☒ Description of facts is on MC-025, titled as Attachment 3k.

*Defendant has requested repairs to the premises, however Plaintiff refused to perform those repairs*

4. **OTHER STATEMENTS**

   a. ☐ Defendant vacated the premises on (*date*):

   b. ☒ The fair rental value of the premises alleged in the complaint is excessive (*explain below or on form MC-025*):

     ☐ Explanation is on MC-025, titled as Attachment 4b.

*Fair rental is 55 a day*

   c. ☐ Other (*specify below or on form MC-025 in attachment*):

     ☐ Other statements are on MC-025, titled as Attachment 4c.

5. **DEFENDANT REQUESTS**

   a. that plaintiff take nothing requested in the complaint.

   b. costs incurred in this proceeding.

   c. ☐ reasonable attorney fees.

   d. ☒ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.

   e. ☐ Other (*specify below or on form MC-025*):

     ☐ All other requests are stated on MC-025, titled as Attachment 5e.

6. Number of pages attached: _____

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code §§ 6400—6415)**

7. (*Must be completed in all cases.*) An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. (*If defendant has received any help or advice for pay from an unlawful detainer assistant, state*):

   a. Assistant's name:               b. Telephone No.:

   c. Street address, city, and zip code:

   d. County of registration:      e. Registration No.:      f. Expires on (*date*):

(*Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.*)

ALEXANDER HAZAN
    (TYPE OR PRINT NAME)        ▶         (SIGNATURE OF DEFENDANT OR ATTORNEY)

RACHEL MESHULAM
    (TYPE OR PRINT NAME)        ▶         (SIGNATURE OF DEFENDANT OR ATTORNEY)

**VERIFICATION**

(*Use a different verification form if the verification is by an attorney or for a corporation or partnership.*)

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date:

Alexander Hazan
    (TYPE OR PRINT NAME)          (SIGNATURE OF DEFENDANT)

exhibit
C9

**UD-105**

CASE NUMBER:

---

**3. AFFIRMATIVE DEFENSES (cont'd)**

k. Facts supporting affirmative defenses checked above *(identify facts for each item by its letter from page 1 below or on form MC-025):*

☒ Description of facts is on MC-025, titled as Attachment 3k.

*Defendant has requested repairs to the premises, however Plaintiff refused to Perfor these repairs*

**4. OTHER STATEMENTS**

a. ☐ Defendant vacated the premises on *(date):*

b. ☒ The fair rental value of the premises alleged in the complaint is excessive *(explain below or on form MC-025):*
☐ Explanation is on MC-025, titled as Attachment 4b.

*Fair rental is 55 a day*

c. ☐ Other *(specify below or on form MC-025 in attachment):*
☐ Other statements are on MC-025, titled as Attachment 4c.

**5. DEFENDANT REQUESTS**

a. that plaintiff take nothing requested in the complaint.

b. costs incurred in this proceeding.

c. ☐ reasonable attorney fees.

d. ☒ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.

e. ☐ Other *(specify below or on form MC-025):*
☐ All other requests are stated on MC-025, titled as Attachment 5e.

**6.** Number of pages attached: _____

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code §§ 6400—6415)**

**7.** *(Must be completed in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state):*

a. Assistant's name:                              b. Telephone No.:

c. Street address, city, and zip code:

d. County of registration:           e. Registration No.:           f. Expires on *(date):*

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

ALEXANDER HAZAN
(TYPE OR PRINT NAME)                    ▶ _____
                                         (SIGNATURE OF DEFENDANT OR ATTORNEY)

RACHEL MESHULAM
(TYPE OR PRINT NAME)                    ▶ _____
                                         (SIGNATURE OF DEFENDANT OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date:

Alexander Hazan
(TYPE OR PRINT NAME)                    _____
                                         (SIGNATURE OF DEFENDANT)

*Exhibit*

## PROOF OF SERVICE

(Code of Civ. Proc., §§ 1013A, 2015.5, 1011 Cal. Rules of Court, rule 2008(c))

State of California, County of Los Angeles

I, the undersigned, declare:

I am a citizen of the United States and employed in Los Angeles, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 16200 Ventura Blvd., Ste. 216, Encino, CA 91436. On the below referenced date, I served a copy of the within document(s): Answer

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Encino, California
addressed as set forth below.

Vincent Real, Esq.
Law Offices of Vincent Real
3625 Del Amo Blvd., Suite 340.
Torrance, CA 90503

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a prepaid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed this 17 day of May, 2015, at Encino, California.

WILLIAM HILL

WILLIAM HILL

PROOF OF SERVICE

Exhibit
G